UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Family Mutual Insurance Company, | Case No. 12-cv-2855 (PAM/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| John Martin Donaldson, Todd Richard Patton, and Jacob Todd Patton, | |
| Defendants. | |

_____

This matter is before the Court on the parties' cross-Motions for Summary Judgment. For the reasons that follow, the Court grants Plaintiff's Motion and denies Defendants' Motion.

**BACKGROUND**

This is an insurance case, in which American Family Mutual Insurance Company is suing Todd Patton, his son Jacob Patton, and Jacob's friend John Donaldson for a declaratory judgment that Todd's umbrella insurance policy does not cover Donaldson's injuries sustained while a passenger in Jacob's car.

The Court's prior rulings in this case chronicle the facts in greater detail. (See, e.g., Mem. & Order (Docket No. 83) 1-3.) In short, the crash that injured Donaldson occurred after Jacob led police on a drunken high-speed chase. (Id. at 1-2.) Jacob was charged with two counts of criminal vehicular operation and initially pleaded not guilty. (Id. at 2.) Todd owned the car and had purchased an automobile insurance policy and an umbrella policy, which covered him and Jacob, from American Family. (Id.) The two

sought insurance coverage for Donaldson's injuries under both policies. (Id.) Donaldson ultimately received $100,000 under the auto policy; this dispute is about whether he may receive more than that under the umbrella policy. (Id. at 2-3.) The umbrella policy contains two relevant exclusions to coverage: an intentional-acts exclusion and a violation-of-law exclusion. (L'Esperance Aff. (Docket No. 113) Ex. 2, at 2.)

The Court previously granted summary judgment for American Family and against Defendants on the ground that the intentional-acts exclusion barred coverage. (Mem. & Order 5-7.) In doing so, the Court declined to address the violation-of-law exclusion. (Id. at 7.) At that time, Jacob was awaiting trial on the criminal charges. (Id. at 2.) While the Court's decision was on appeal to the Eighth Circuit, however, Jacob pleaded guilty to one of the charges: criminal vehicular operation in violation of Minn. Stat. § 609.21, subd. 1(2)(i), which prohibits the negligent operation of a motor vehicle while under the influence of alcohol. (Vraa Aff. (Docket No. 104) Ex. A, at 1.) Given that development, the Eighth Circuit refrained from exercising jurisdiction and remanded for the Court "to address in the first instance any remaining unresolved issues surrounding [Jacob's] criminal conviction that may prevent [the Eighth Circuit] from considering the violation-of-law exclusion as an alternative ground for affirming" the Court. (Op. (Docket No. 94) 2-3.)

The parties now move for summary judgment on the applicability of the violation-of-law exclusion.

**DISCUSSION**

Summary judgment should be granted if the moving party shows that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if its resolution affects the outcome of the case. Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. Id. When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Marlowe v. Fabian, 676 F.3d 743, 746 (8th Cir. 2012).

The material facts, as relevant to the violation-of-law exclusion, are undisputed. The issue then is whether, as a matter of law, the violation-of-law exclusion bars coverage for Donaldson's injuries. To decide that issue, the Court must interpret the language of the exclusion and determine whether the injuries fall within the exclusion.

When interpreting an insurance policy, the Court—a federal court sitting in diversity—applies state substantive law. E-Shops Corp. v. U.S. Bank Nat'l Ass'n, 678 F.3d 659, 663 (8th Cir. 2012). The parties agree that the law of Minnesota, the forum state, should govern. Under Minnesota law, the interpretation of an insurance policy is a question of law. Thommes v. Milwaukee Ins. Co., 641 N.W.2d 877, 879 (Minn. 2002). Minnesota courts interpret an insurance policy, like all contracts, to "give effect to the intentions of the parties as reflected in the terms" of the policy. Midwest Family Mut. Ins. Co. v. Wolters, 831 N.W.2d 628, 636 (Minn. 2013) (citation and quotation marks omitted). If the policy language is clear and unambiguous, its plain meaning must be

enforced. Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888, 894 (Minn. 2006). But if the policy language is ambiguous—in that it is susceptible to two or more reasonable interpretations—the policy is to be construed against the insurer who drafted it and in favor of the insured. Id.

The violation-of-law exclusion unambiguously bars coverage for Donaldson's injuries. The exclusion precludes coverage for an "injury arising out of violation of a penal law or ordinance by . . . an insured when an insured is convicted of such violation." (L'Esperance Aff. Ex. 2, at 2.) Jacob is an insured under the policy, Donaldson's injuries resulted from Jacob's crash of the car, and Jacob was convicted of criminal vehicular operation for the crash. Jacob was therefore convicted of a violation of criminal law, and his actions plainly meet the criteria of the violation-of-law exclusion.

Defendants urge that that the violation-of-law exclusion cannot be enforced as to Donaldson's injuries for three independent yet unavailing reasons.

First, Defendants contend that the violation-of-law exclusion is overbroad because it excludes coverage based on all violations of penal law, including petty traffic misdemeanors. Defendants warn that the exclusion as written would allow American Family to avoid coverage in every automobile-collision case given that all automobile collisions theoretically violate at least one Minnesota law. But Defendants' dire warning falls flat. For one, they lack standing to argue that the exclusion extends too far because Jacob's violation of penal law—a felony criminal conviction—undoubtedly triggers the exclusion without violating public policy. Plus, other courts, with which this Court agrees, have analyzed nearly identical violation-of-law exclusions and have not hesitated

4

to reject overbreadth arguments waged against them. See, e.g., Am. Fam. Mut. Ins. Co. v. Hadley, 648 N.W.2d 769, 781 (Neb. 2002) (concluding that a violation-of-law exclusion was not ambiguous because the term "penal law" is synonymous with "criminal law").

Second, Defendants contend that the violation-of-law exclusion violates public policy because it excludes coverage based on negligent criminal conduct. To be sure, Jacob's conviction is for criminally negligent conduct. Yet Defendants have no authority for their conclusion that Minnesota has a public policy that prevents insurance companies from denying umbrella coverage for injuries resulting from negligent criminal conduct.[1] And the abundance of Minnesota case law upholding exclusions based on negligent criminal conduct weighs decisively against them. See, e.g., Progressive N. Ins. Co. v. McDonough, 608 F.3d 388, 391-92 (8th Cir. 2010) (finding no coverage under a criminal-acts exclusion that did not require intent for injuries resulting from attempted assault); SECURA Supreme Inc. Co. v. M.S.M., 755 N.W.2d 320, 324-25 (Minn. App. 2008) (finding no coverage under a criminal-acts exclusion that did not require intent where the insured stabbed the victim with a knife); Liebenstein v. Allstate Ins. Co., 517 N.W.2d 73, 75-76 (Minn. App. 1994) (finding no coverage under a criminal-acts exclusion that did not require intent for injuries resulting from resisting arrest). Though those cases deal with criminal-acts exclusions and not violation-of-law exclusions, a

---

[1] Indeed, the Court views Defendants' asserted public-policy interest—ensuring that victims of drunk-driving incidents are compensated—to be important but satisfied when the victim actually recovers damages under the driver's mandatory automobile insurance policy and only seeks further damages under the driver's optional umbrella policy, as happened in this case.

Minnesota court that enforces an exclusion for an act that appears criminal in nature is even more likely to enforce an exclusion for a criminal act that leads to a conviction.

Third, Defendants contend that the violation-of-law exclusion contradicts their reasonable expectation that the policy would cover injuries resulting from the criminal conduct at issue here: a car crash caused by drunk driving. Under the reasonable-expectations doctrine, the Minnesota Supreme Court has acknowledged the disparate bargaining power in an insurance transaction and has interpreted exclusions "narrowly against the insurer" and "according to the reasonable expectations of the insured." Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co., 366 N.W.2d 271, 276-77 (Minn. 1985). In Atwater, for example, the Minnesota Supreme Court refused to enforce the literal definition of burglary in a burglary insurance policy, where the definition was effectively an exclusion and enforcing the definition would defeat the insured's reasonable expectations about the policy's coverage. Id. at 275-79. But since Atwater, the Minnesota Supreme Court has restricted the use of the reasonable-expectations doctrine to "extreme situations" where the exclusion was ambiguous or obscure. Carlson v. Allstate Ins. Co., 749 N.W.2d 41, 49 (Minn. 2008). Thus in Carlson, the Minnesota Supreme Court declined to apply the doctrine and allow coverage under an uninsured motorist insurance policy when doing so would ignore policy language that unambiguously denied coverage. Id. at 49-50.

In light of Carlson, the reasonable-expectations doctrine does not apply because the violation-of-law exclusion is neither ambiguous nor obscure. The exclusion clearly omits from coverage injuries resulting from a convicted violation of criminal law. And

6

the exclusion is not hidden in the definitions section but appears exactly where an insured would expect: as a separately numbered and boldly titled paragraph in the exclusions section. The exclusion's plain and obvious nature overrides any of the Defendants' purportedly reasonable expectations.

Defendants persist, however, that two cases applying the reasonable-expectations doctrine to void exclusions for criminal conduct are on all fours with this case and compel the same result. See Tower Ins. Co. v. Judge, 840 F. Supp. 679, 691-93 (D. Minn. 1993) (MacLaughlin, J.) (holding that, where extremely intoxicated teenagers accidentally killed an unconscious friend by attempting to shock him awake with electric current, a home insurance policy covered the ensuing wrongful-death action—even though the teenagers' reckless act fell within the policy's unambiguous criminal-acts exclusion—because a criminal-acts exclusion conflicted with the insured's reasonable expectation that the "exclusion would not apply unless bodily injury was a reasonably expected result of the act"); Ill. Farmers Ins. Co. v. Rodgers, No. C7-02-425, 2002 WL 31554598, at *2-3 (Minn. App. Nov. 19, 2002) (holding the same, except for a violation-of-law exclusion based on an accidental discharge of a gun). Both Tower and Rodgers are outliers and have no force here. They were decided before Carlson and used the reasonable-expectations doctrine to vitiate a clear and unhidden exclusion. They also run contrary to other cases that have refused to apply the doctrine outside of Carlson's narrow parameters. See, e.g., Babinski v. Am. Fam. Ins. Grp., 569 F.3d 349, 353 (8th Cir. 2009); W. Bend Mut. Ins. Co. v. Allsate Ins. Co., 776 N.W.2d 693, 701 (Minn. 2009).

7

Finally, Defendants press that the violation-of-law exclusion cannot be enforced against Todd, Jacob's father. They claim that the policy's severability clause requires the Court to analyze coverage distinctly as to each insured, the violation-of-law exclusion applies only to the insured that was convicted of a violation of criminal law, and Todd may therefore obtain coverage because he himself was not convicted for the crash that caused Donaldson's injuries. But Defendants have waived this argument by failing to respond to American Family's previous argument on the subject. (See Am. Family's Mem. (Docket No. 64) 22-23; Defs.' Mem. (Docket No. 74).) And even if not waived, the Court would reject the argument because Minnesota courts have construed insurance policies with both severability clauses and exclusions that use the terms "any insured" or "an insured" (as the violation-of-law exclusion here does), as opposed to "the insured," to unambiguously bar coverage not only for the insured who committed the exclusionary conduct, but also for his or her innocent co-insureds. See Watson v. United Servs. Auto. Ass'n, 566 N.W.2d 683, 688-89 (Minn. 1997) ("an insured"); M.S.M., 755 N.W.2d at 328-29 ("any insured"). But see Travelers, 718 N.W.2d at 894-95 ("the insured").

**CONCLUSION**

In the alternative to the policy's intentional-acts exclusion, the violation-of-law exclusion bars coverage for Donaldson's injuries. Accordingly, **IT IS HEREBY ORDERED** that:

1. American Family's Motion for Summary Judgment (Docket No. 101) is **GRANTED**; and

2. Defendants' Motion for Summary Judgment (Docket No. 106) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 27, 2015                         *s/ Paul A. Magnuson*
                                                Paul A. Magnuson
                                                United States District Court Judge